UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOYD LEE STOCKHAM, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. 17-cv-03982-EMC <br><br> **ORDER REGARDING NOVEMBER 9, 2017 HEARING** <br><br> Docket No. 10 |

At the November 9, 2017 hearing on Defendant United States of America's Motion to Dismiss, the parties should be prepared to discuss the following issues:

1. Is there any reason why the procedure for requesting and obtaining a certificate of discharge pursuant to 26 U.S.C. § 6325(b)(4) and 26 U.S.C. § 7426(a)(4) was not a "realistic alternative," *United States v. Williams*, 514 U.S. 527, 529 (1995), for Plaintiffs?

2. Do Plaintiffs claim the IRS, in seeking to dismiss their complaint, should be estopped from asserting Plaintiffs' failure to obtain a certificate of discharge? *See* April 2017 Notice of Overdue Taxes, attached to Compl. as Ex. D (stating a certificate of release of federal tax lien will be filed upon payment without mentioning right to request certificate of discharge).

3. Defendant should be prepared to explain how a property is "subject to" a lien under § 6325(b)(4) if the lien may not be "valid" under § 6323(a) because it may not have been properly noticed before Plaintiffs purchased the property. *See* 26 U.S.C. § 6323(a) (a tax lien "shall not be valid as against any purchaser . . . until notice thereof . . . has been filed by the Secretary"); 26 C.F.R. § 301.6323(a)-1 ("The lien by section 6321 is not valid against any purchaser . . . until a notice of lien is filed . . . ."); 26 U.S.C. § 6323(a) (only a property owner whose property is "subject to" a tax lien may request or obtain a certificate of discharge).

4. Did Plaintiffs file, or attempt to file, any administrative claim for a refund or

otherwise make any sort of administrative objection to the lien(s) prior to filing suit?

5. What is the prejudice to Defendant, if any, from permitting Plaintiffs to proceed with a Section 7426 claim within 120 days of obtaining a certificate of release (as opposed to a certificate of discharge)?

6. What meaning do the parties ascribe to the phrase, "No other action may be brought by such person for such a determination," 26 U.S.C. § 7426(a)(4)?

7. What is the parties' explanation for the discrepancy between the total amount demanded in the April 2017 Notice of Taxes Due ($145,765.05) and allegedly paid by Plaintiffs, and the sum of the 2011 and 2015 liens according to the corresponding certificates of release ($83,608.24)?

**IT IS SO ORDERED**.

Dated: November 8, 2017

_____
EDWARD M. CHEN
United States District Judge